IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| DARIUS TUCKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 622-065 |
| | ) | |
| DR. DILIP THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought case pursuant to 42 U.S.C. § 1983, concerning events alleged to have occurred at Smith State Prison ("SSP") in Glennville, Georgia.  For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** Defendant's motion for summary judgment be **GRANTED**, (doc. no. 22), a final judgment be **ENTERED** in favor of Defendant, and this civil action be **CLOSED**.

**I.     PROCEDURAL BACKGROUND**

Plaintiff initiated this action on September 6, 2022, naming Dr. Dilip Thomas as the only Defendant.  (Doc. no. 1, p. 1.)  Because he is proceeding IFP, the Court screened Plaintiff's Complaint on December 5, 2023, and found Plaintiff had arguably stated a viable Eighth Amendment claim for deliberate medical indifference against Dr. Thomas.  (Doc. no. 8.)  Dr. Thomas answered the Complaint on February 6, 2023, and the Clerk issued a Scheduling Notice setting deadlines.  (Doc. nos. 12-13.)  The case proceeded through the standard discovery period, during which defense counsel took Plaintiff's deposition.  (Doc. no.

22, Ex. A, "Tucker Dep.") On August 16, 2023, Dr. Thomas timely filed a motion for summary judgment, and the Clerk issued a notice concerning the summary judgment motion and the summary judgment rules, the right to file affidavits or other materials in opposition, and the consequences of failing to comply with the requirements for responding. (See doc. nos. 22-23.)[1] Plaintiff, however, did not file any substantive response to Dr. Thomas' summary judgment motion. (Id.) The Court again reiterated the consequences of a summary judgment motion and extended Plaintiff's time to file any opposition to the motion. (Id. at 2-4.)[2]

On October 6, 10, and 17, 2023, Plaintiff filed responses in opposition to Dr. Thomas' motion. (Doc. nos. 27-29.) Plaintiff filed an unsworn statement of material facts, (doc. no. 27), a sworn declaration, (doc. no. 28), and a brief in support of his opposition, (doc. no. 29). Plaintiff's opposition papers, however, do not respond to each fact in Dr. Thomas' Statement of Material Facts and consist of unsworn, conclusory allegations, most of which are inadmissible evidence for purposes of opposing the motion for summary judgment. See Rowell v. BellSouth Corp., 433 F.3d 794, 800 (11th Cir. 2005) (requiring consideration of only admissible evidence when ruling on motions for summary judgment); see also Harris v. Ostrout, 65 F.3d 912, 916 (11th Cir. 1995) (finding summary judgment appropriate where inmate produced nothing beyond "his own conclusory allegations" challenging actions of defendant); Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984) ("[M]ere verification of party's own conclusory allegations is not sufficient to oppose summary judgment."). Regardless, the Court will consider, where appropriate, Plaintiff's responses.

---

[1] The Court also explained summary judgment motions, along with the rights and requirements associated with responding, in its December 5, 2023 Order directing service on Dr. Thomas. (Doc. no. 8.)

[2] Therefore, the Court finds, while not explicitly stated in the numerous warnings to Plaintiff, the notice requirements of Griffith v. Wainwright, 772 F.2d 822, 825 (11th Cir. 1985) (per curiam), are satisfied.

In accordance with Local Rule 56.1, Dr. Thomas submitted a Statement of Material Facts ("SMF") in support of his summary judgment motion. (Doc. no. 22-3.) Because Plaintiff did not file appropriate responsive statements, the Court deems admitted all portions of Dr. Thomas' statement having evidentiary support in, and not otherwise contradicted by, the record and which are not properly opposed by Plaintiff. See Fed. R. Civ. P. 56 (requiring citations to particular parts of materials in record, and affidavits or declarations used to oppose summary judgment motion made on personal knowledge, set out facts admissible in evidence, and show competency to testify); see Scoggins v. Arrow Trucking Co., 92 F.Supp.2d 1372, 1373 n.1 (S.D. Ga. 2000); see also Williams v. Slack, 438 F. App'x 848, 849-50 (11th Cir. 2011) (finding no error in deeming defendants' statements of material fact admitted where *pro se* prisoner failed to respond with specific citations to evidence and otherwise failed to state valid objection to statement).

Regardless, this does not automatically entitle Dr. Thomas to summary judgment because as the movant, he continues to "shoulder the initial burden of production in demonstrating the absence of any genuine issue of material fact." Reese v. Herbert, 527 F.3d 1253, 1268 (11th Cir. 2008); see also Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1303 (11th Cir. 2009). Thus, the Court will review the record, including Plaintiff's sworn deposition testimony and any factually supported opposition to the SMF, "to determine if there is, indeed, no genuine issue of material fact." Mann, 588 F.3d at 1303.

## II.     FACTUAL BACKGROUND

In October 2019, while incarcerated at SSP, an inmate stabbed Plaintiff in the left eye several times and Plaintiff completely lost vision in that eye. (Tucker Dep., pp. 13, 16-17; SMF ¶¶ 1-2; doc. no. 27, ¶¶ 1-2.) After receiving emergency care for the serious injuries he suffered in the attack, Plaintiff received follow-up care from Dr. Espinoza beginning in

3

February 2020. (Tucker Dep., pp. 16-17, 21; SMF ¶¶ 4-5; doc. no. 27, ¶¶ 3-6.) During the initial visit, Plaintiff informed Dr. Espinoza that his blind eye was causing him pain. (Tucker Dep., p. 16; doc. no. 27, ¶¶ 4-5.) Dr. Espinoza told Plaintiff the only way to alleviate the pain was surgical removal of the eye, and he referred Plaintiff to Dr. Thomas for surgery. (Tucker Dep., pp. 16-18; doc. no. 27, ¶¶ 5, 7.) Several weeks or months later, Dr. Thomas evaluated Plaintiff, Plaintiff consented to the surgery, and Dr. Thomas agreed to move forward with the surgery. (Tucker Dep., pp. 21-22; doc. no. 27, ¶ 8.) However, Dr. Thomas did not perform the surgery until approximately two years later, in June 2022, and Plaintiff blames Dr. Thomas for the delay and resulting two-year period of unnecessary pain and suffering. (Tucker Dep., p. 22-23.) Plaintiff admits, however, that he does not know whether Dr. Thomas controls the scheduling of surgery for inmates. (Id. at 28-29, 32-34.)

Dr. Thomas testified by affidavit that he is employed by the Board of Regents of the University System of Georgia as a Professor in the Ophthalmology Department at Augusta University. (SMF ¶ 10; doc. no. 22, Ex. B, "Thomas Decl." ¶ 3.) As part of his employment with the state system, Dr. Thomas sometimes treats prisoners in Georgia Department of Corrections ("GDOC") custody. (SMF ¶ 11; Thomas Decl. ¶ 4.) Concerning Plaintiff's treatment, Dr. Thomas testified:

> 5.    Based on my examinations of Mr. Tucker (both before and after the June 2022 operation), it is my medical opinion that the timing of Mr. Tucker's eye removal procedure has not had, nor did it pose a risk of long-term detrimental effects on Mr. Tucker's health.
>
> 6.    I saw Mr. Tucker and recommended enucleation surgery for in the spring of 2020, amid the global pandemic. His follow-up and scheduling are dictated by the Georgia Dept of Corrections, and I do not have control over when prisoners are scheduled for medical procedures once my recommendation for surgery has been made.

4

      7.     I was **not** involved in the scheduling of Mr. Tucker's eye removal procedure in any manner. I felt it needed to be done, but not in an urgent or emergency fashion.

(Thomas Decl. ¶¶ 5-7.)

### III.    DISCUSSION

#### A.    Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted).

If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Prop., 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 606-08 (11th Cir. 1991) (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)).

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Id. at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross,

663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Federal Rule Civil Procedure 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986) (quoting Adickes, 398 U.S. at 158-59). A genuine dispute as to a material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

### B. Dr. Thomas is Entitled to Summary Judgment Because the Undisputed Facts Show He Was Not Responsible for the Two-Year Delay in Surgery

To prevail on a claim for deliberate indifference to a serious medical need, Plaintiff must prove that: (1) he had a serious medical need—the objective component, (2) a defendant acted with deliberate indifference to that need—the subjective component, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee Cty., 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010). To satisfy the objective component, a prisoner must allege that his medical need "has been diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component, Plaintiff must allege that a defendant (1) was subjectively aware of a serious risk of harm and (2) disregarded that risk (3) by following a course of action which constituted more than mere negligence. Melton v. Abston, 841 F.3d 1207, 1223 (11th Cir. 2016).

Furthermore, "not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.'" Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003) (quoting McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). The

Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11t Cir. 1990) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505.

Dr. Thomas is entitled to summary judgment because he unquestionably had no control over when Plaintiff's eye removal surgery would be scheduled. Indeed, Dr. Thomas testified by affidavit that he "was *not* involved in the scheduling of Mr. Tucker's eye removal procedure in any manner." (emphasis in original) (Thomas Decl. ¶ 7.) Plaintiff must prove that Dr. Thomas' actions caused specific injuries, Mann, 588 F.3d at 1307, and Plaintiff cannot do so here. It is clear Dr. Thomas immediately recommended Plaintiff for eye removal surgery after their initial consultation and that is simply all Dr. Thomas could do. Thus, Dr. Thomas was not deliberately indifferent to Plaintiff's medical needs. See Melton, 841 F. 3d at 1224 (affirming summary judgment on deliberate indifference claim when private doctor was "legally entitled to leave decisions concerning the timing and availability of [] surgery and treatment [] to Pickens County Jail officials."); Hurst v. Centurion of Florida, LLC, 2021 WL

7

11680457, at *2-*3 (N.D. Fl. Mar. 31, 2021) (granting summary judgment for deliberate indifference claim because doctor was not involved in scheduling surgery after submitting required form and no evidence suggests doctor played any role in "the actual scheduling or delay of" surgery.)

Because Dr. Thomas is entitled to summary judgment on the merits of Plaintiff's claim, the Court need not address Dr. Thomas' remaining arguments, (doc. no. 22, pp. 6-8). Martinez v. Burns, 459 F. App'x 849, 851 n.2 (11th Cir. 2012) (*per curiam*).

### IV.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECCOMMENDS** Defendant's motion for summary judgment be **GRANTED**, (doc. no. 22), a final judgment be **ENTERED** in favor of Defendant, and this civil action be **CLOSED**.

SO REPORTED AND RECOMMENDED this 27th day of November, 2023, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA